IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 01-30123
Summary Calendar
_____


CONTINENTAL CASUALTY CO

Plaintiff – Appellee

v.

WILLIAM M BURNELL; FRIEDA N BURNELL; GROVER W NETHERTON;
SHARON P NETHERTON; BEN E NETHERTON; BETTY B NETHERTON; ORVILLE A
NETHERTON ESTATE; JEANNE W NETHERTON

Defendants – Appellants

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
U.S.D.C. No. 98-CV-2287
-------------------------------------------------------------
April 16, 2002


Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellee Continental Casualty Co. ("Continental") filed this declaratory judgment action

against Appellants William M. Burnell, Frieda N. Burnell, Grover W. Netherton, Sharon P.

Netherton, Ben E. Netherton, Betty B. Netherton, the Estate of Orville A. Netherton and Jeanne

W. Netherton (the "Nethertons"), seeking a declaration that the indemnity agreement signed by

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Nethertons was binding and that the right to indemnification had been triggered. The Nethertons appeal the district court's grant of summary judgment in Continental's favor.

## BACKGROUND

The Nethertons began to run the Shreveport office of Plaquemine Contracting Company, Inc. ("Plaquemine"), a construction company, in 1995. Plaquemine is owned by H. Allen Thompson ("Thompson"). By contract dated January 20, 1995 Plaquemine, Thompson and the Nethertons entered into a General Agreement of Indemnity (the "GAI") with Continental, agreeing to indemnify Continental, in exchange for Continental's execution of surety bonds, against any liability incurred as a consequence of the execution of those bonds. The GAI included a clause that provided the Nethertons the right to unilaterally terminate the agreement with 20 days written notice.

At the time that the Nethertons signed the GAI, Thompson and the Nethertons had an oral agreement that at some undetermined time the Nethertons would obtain some unspecified ownership interest in Plaquemine. By December 1996, the Nethertons had severed their ties with Plaquemine never having obtained an ownership interest. Inexplicably, the Nethertons did not exercise their right to terminate the GAI.

In 1998, after incurring liability covered by the GAI, Continental sought indemnification from the Nethertons.

## ANALYSIS

"This Circuit reviews a district court's grant of summary judgment *de novo*, applying the same standard of review as would the district court." Merritt-Campbell, Inc. v. RxP Products, Inc., 164 F.3d 957, 961 (5th Cir. 1999). "Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law.  Disputes concerning material facts are genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  An issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law."  Id. (citation omitted).  In determining whether a genuine issue of material fact precluding summary judgment exists, we view the evidence in the light most favorable to the non-movant and make all reasonable inferences in her favor.  See Bussian v. RJR Nabisco, Inc., 223 F.3d 286, 293 (5th Cir. 2000).

The legal issues in this diversity suit are governed by Louisiana substantive law.  Chastant v. Headrick Outdoor, Inc., 81 F.3d 31,33 (5th Cir. 1996).

The Nethertons argue that the district court disregarded evidence that they would not have entered into the indemnity agreement had they known that they were not going to obtain an ownership interest in Plaquemine Contracting Co.  The district court correctly concluded that this evidence was inadmissible to the extent that it was offered as evidence of the Nethertons' intent.  La.Civ.Code Ann. Art. 2046 (2002) ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.").

It appears that the Nethertons contend that this evidence demonstrates that they never consented to the GAI, i.e. that the agreement was void, *ab initio*, due to a unilateral error of fact.  The Nethertons do not persuasively explain, and no reason is apparent, why this is so.  "Not every error will vitiate consent, but when error 'concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party' it vitiates consent."  Hymel v. UNC, Inc., 994 F.2d 260, 262 (5th Cir. 1993).  In other words, a material error of fact can vitiate a contract only where one contracting party—in this case Continental—knows of the error at the time the contract is formed.  As noted above, the

Nethertons contend that had they known that they would not be receiving an ownership interest they would not have signed the GAI. Assuming, arguendo, that this constitutes "a cause without which the obligation would not have been incurred," the Nethertons still have offered no evidence from which a reasonable fact finder could conclude that Continental was aware, at the time the GAI was signed, that the Nethertons would not be receiving an ownership interest. In addition, the district court was correct in its conclusion that the Nethertons failed to offer evidence that Continental was even aware that the Nethertons' consent was dependent upon receiving an ownership interest in Plaquemine.

## CONCLUSION

Accordingly, the judgment of the district court is hereby AFFIRMED.